UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THE ANNUITY, PENSION, WELFARE and
APPRENICESHIP SKILL IMPROVEMENT AND
SAFETY FUNDS of the INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 137, 137A, 137B,
137C & 137R, AFL-CIO, by its TRUSTEES EDWARD
KELLY, JEFFREY LOUGHLIN, PETER PATERNO,
ROSS PEPE, NICHOLAS SIGNORELLI and
NICHOLAS SIGNORELLI, JR., and JOHN and JANE
DOE, as BENEFICIARIES of the ANNUITY, PENSION,
WELFARE AND APPRENTICESHIP SKILL
IMPROVEMENT AND SAFETY FUNDS of the
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 137, 137A, 137B, 137C & 137R,
AFL-CIO,

Case No. 08-CIV-1892

**ANSWER**

                                            Plaintiffs,

          -against-

PALERMO TOO CONSTRUCTION INC.,


                                            Defendant.
----------------------------------------------------------------------X

    Defendant, Palermo-Too Construction, Inc. (misdenominated in the caption as "Palermo

Too Construction Inc."), as and for its Answer with affirmative defenses to the Complaint, by its

attorneys, McCARTHY FINGAR LLP, alleges upon information and belief as follows:

    1.      Denies the allegations set forth in paragraphs "1," "11," "12," "17," "18," "20," "24"

and "25" of the Complaint.

    2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraphs "2,"  "3," "4," "5," 6," "7," "8," "9," "16" and "19" of the

Complaint.

{00075549.DOC.}

3.     Admits the allegations in paragraph "10" of the Complaint, with the exception of the spelling of defendant's corporate name, as set forth and misdenominated in said paragraph and in the caption to this action.

4.     As to paragraph "13," denies that defendant is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. 1002(5), with respect to an individual known as Anthony Di Pilato, as alleged in further detail in paragraphs 7 through 9, *infra*.

5.     As to paragraphs "22" and "23" of the Complaint, refers to the Court to the agreement referenced therein for its true intent and meaning and interpretation under New York law.

6.     As to paragraphs "14" and "21" of the Complaint, defendant repeats and realleges her answer to each and every paragraph referenced therein in a manner consistent with the responses to the incorporated and realleged allegations.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

7.     The claims asserted herein for fringe benefit contributions purportedly owed to plaintiffs under the collective bargaining agreement which is the subject of this action, are based in significant part upon hours purportedly worked by a former employee of Palermo known as Anthony Di Pilato.

8.     As shown and demonstrated by a written memorandum prepared and forwarded to Palermo by Raymond H. Burgess, Jr. (Anthony Di Pilato's grandfather) (Exhibit "A" hereto), on behalf and as and in his capacity as administrator of plaintiff, International Union of Operating Engineers, Anthony Di Pilato was neither of "member of [plaintiff] Local 137" nor was Mr. Di Pilato otherwise "signed for a[n] apprenticeship program" with plaintiffs for purposes of becoming a member therewith.

9.      Plaintiffs' attempt in this action to collect and recover purported fringe benefit contributions with respect to services rendered to Palermo's an admitted non-union member, is completely without merit in law or fact, and upon information and belief, was asserted in bad faith in response to and retaliation for Palermo's termination of Anthony Di Pilato's employment therewith.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Defendant repeats and realleges each and every paragraph of the Answer numbered "6" through "8" inclusive, with the same force and effect as though more fully set forth at length herein.

11. Plaintiffs are barred and precluded from maintaining this action under the doctrines of equitable estoppel and unclean hands.

**WHEREFORE,** defendant, Palermo-Too Construction, Inc. demands judgment as follows:

(a). The Complaint be dismissed with prejudice, together with costs, disbursements and attorney's fees in defendant's favor; and

(b). Together with such other and further relief as the Court may deem just and proper.

Dated: White Plains, New York
      June 17, 2008

McCARTHY FINGAR LLP

By: _____
    Robert H. Rosh  (RR6101)
Attorneys for Defendant
PALERMO-TOO CONSTRUCTION, INC.
11 Martine Avenue
White Plains, New York 10606
Tel. No. (914) 946-3700

{00075549.DOC.}3

EXHIBIT "A"

*International Union of Operating Engineers*

WELFARE - PENSION - ANNUITY - APPRENTICESHIP

**Employer Trustees**
ROSS J. PEPE
PETER J. PATERNO
EDWARD W. KELLY

Local Unions No. 137, 137-A, 137-B, 137-C and 137-R
1360 PLEASANTVILLE ROAD, BRIARCLIFF MANOR, NY 10510

**Union Trustees**
N. SIGNORELLI
N. SIGNORELLI, JR.
JEFF LOUGHLIN

Telephones: 914-762-1268  Fax: 914-762-7034

# FAX COVER SHEET

TO: _Paul Zanette_

FROM: _Reg. Burgess_

DATE: _1-11-08_

RE: _____

__Urgent  ✓For Review  __Please Comment  __Please Reply  __Please Recycle

COMMENTS: _This is for Greg's Hours only_
_Anthony Diplato is not a member_
_of local 137 or signed for a_
_Apprenticeship Program._

PAGES ___ INCLUDING THIS COVER SHEET. If you do not
receive all pages please call above number.